IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BUEFORT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 5649 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| COUNTY OF COOK and COOK COUNTY | ) | |
| SHERIFF TOM DART, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Buefort has brought a three count amended complaint against defendants Cook County Sheriff Tom Dart and Cook County, Illinois, alleging that he was denied necessary medical equipment while he was housed as a pretrial detainee at Cook County Jail (the "Jail"). Count I alleges that plaintiff's injuries were caused by certain policies and practices at the Jail, subjecting the Sheriff to liability under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (178). Count II alleges that defendants were deliberately indifferent to plaintiff's medical needs. Count III is a state law indemnity claim against Cook County. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claims are barred by the doctrine of res judicata as a result of the class action settlement in Phipps v. Sheriff of Cook County, No. 07 C 3889 (N.D. Ill.). For the reasons that follow, defendants' motion is denied.

# **BACKGROUND**[1]

Plaintiff is a paraplegic confined to a wheelchair. He requires the use of six sterile catheters a day to drain his bladder into a urine bottle, and requires a supply of enemas which must be administered on a strict schedule to evacuate his colon and avoid accidental defecation. He carries a backpack with those supplies everywhere he goes.

On February 16, 2010, plaintiff was taken into custody by a courtroom deputy in Cook County Judge Kipperman's courtroom. His backpack and supplies were confiscated. He was told it was against Sheriff's office policy for him to have a catheter and that prisoners were not allowed to bring anything into the Jail. Two hours later he was transferred to the Jail. He did not have his supplies and, as a result, urinated on himself.

At the Jail he described his medical condition to intake personnel but was told that nothing could be done until he was fully processed. He spent approximately five hours going through the intake process. He was not asked about his medical needs, and by the time he had finished the intake procedure he was soaked in urine. At the end of the process he was provided one catheter and placed in a cell. Because he was not given any enemas, he was forced to stop eating to avoid accidental defecation.

The next morning he saw a nurse and explained his medical needs, but was told he was going to be moved. He was moved the following day. Until then he had had one catheter that he had to re-use and no enemas. Plaintiff was then moved to Division 2, Tier 2M of the Jail, where

---

[1]The factual allegations in plaintiff's amended complaint have been accepted as true for purposes of this motion. Opp v. Office of the State's Attorney of Cook County, 630 F.3d 616, 619 (7th Cir. 2010). The court takes judicial notice of Phipps. Adkins v. VIM Recycling, Inc., 644 F.2d 483, 493 (7th Cir. 2011).

2

he spoke to a female doctor. That doctor gave him one catheter and said that she had to order the enemas. Plaintiff never received the enemas despite asking that same doctor repeatedly for help. He was told they were on order. During this period plaintiff did not eat for five days. Once he did eat, he accidently defecated and was forced to wash himself and his clothes in the shower. He asked a deputy for a change of clothes but was told that it was Jail policy to issue one uniform per week only.

Plaintiff was held at the Jail for 51 days, from February 16, 2010 through April 7, 2010. Despite repeated requests he was never provided enemas and was given only one catheter per day. He had approximately seven accidental defecations and was denied clean clothes each time.

## **DISCUSSION**

Defendants argue that plaintiff's claims are barred by the doctrine of res judicata as a result of the class action settlement in Phipps. Res judicata bars litigation of claims that have already been litigated, or that "could have been litigated but were not," in another lawsuit involving the same parties (or their privies) and the same operative facts, if that suit has reached final judgment on the merits. Brown v. Board of Trustees of University of Illinois, 2012 WL 488106 at *2 (N.D. Ill. Feb. 14, 2012) (citing Palka v. City of Chicago, 662 F.3d 428, 437 (7th Cir. 2011)). When a class action suit settles, a class member who fails to opt out of the plaintiff class will be bound by the judgment in the class action. Ervin v. OS Rest. Servs., 632 F.3d 971, 973 (7th Cir. 2011).

In Phipps, the plaintiffs alleged that the Sheriff of Cook County and Cook County, discriminated against them by failing to provide appropriate shower facilities, appropriate toilet

facilities, and appropriate beds for wheelchair bound inmates at the Jail and Cermak Hospital, which is part of the Jail complex. The court certified a settlement class defined as:

> All former and current wheelchair bound inmates at Cook County Department of Corrections who, from July 11, 2005 through June 15, 2010, were subjected to discrimination because of their disability in violation of § 202 of the ADA and § 504 of the Rehabilitation Act.

Because plaintiff was incarcerated at the Jail from February 16, 2010 through April 7, 2010, there is no question that he was a member of the Phipps class. He did not opt out or otherwise exclude himself from the class. He is therefore bound by the Phipps judgment, and if there is identity of the claims in Phipps and the instant case res judicata applies and re-litigation is barred.

"A claim has `identity' with a previously litigated matter if it emerges from the same core of operative facts as the earlier action." Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 339 (7th Cir. 1995). The "same operative facts" requirement means that when a plaintiff wants to sue under different theories for the same harm, he must bring all of those claims in one action. Brown, 2012 WL 488106 at *2. For example, the Seventh Circuit has required a plaintiff to bring 42 U.S.C. § 1983 and Title VII claims together when both allege that the defendant was dismissed on the basis of national origin discrimination. Id. (citing Czarniecki v. City of Chicago, 633 F.3d 545, 549 (7th Cir. 2011)).

Defendants argue that plaintiff's claims allege the same operative facts as in Phipps, but are simply framed around a § 1983 theory. The court disagrees. The operative facts in Phipps, as described by that court, were the defendants' failure to provide accessible shower and toilet facilities to wheelchair bound inmates. Phipps v. Sheriff of Cook County, 249 F.R.D. 298, 301 (N.D. Ill. 2008). The operative facts in the instant case are defendants' failure to provide

4

catheters and enemas plaintiff required as a result of his medical condition. He does not claim that he was denied access to the showers or toilets; indeed he alleges that he was forced to use the showers to clean himself and his clothes. His claim that he was denied necessary medical equipment does not depend on the fact that he was bound to a wheelchair, but instead depends on a medical condition that caused an inability to control his bladder and bowel functions. In that regard his complaint is no different than any inmate alleging that he was denied necessary medication. Plaintiff's claim is thus akin to a diabetic inmate's claim that the Jail refused to supply insulin or the claim of an inmate with pneumonia that the Jail refused to supply antibiotics. The deliberate refusal to provide adequate medical treatment is actionable under § 1983 regardless of disability and has little or nothing to do with discrimination under the ADA or § 504. See e.g. Egebergh v. Nicholson, 272 F.3d 925, 927 (7th Cir. 2001). Because the underlying operative facts differ, there is no identity of claims between plaintiff's lawsuit and Phipps. Res judicata does not apply. Defendants' motion to dismiss is denied.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss is denied. Defendants are directed to answer the complaint on or before May 7, 2012. The parties are directed to prepare and file a joint status report on the court's form on or before May 14, 2012. This matter is set for a status report May 22, 2012, at 9:00 a.m. The May 8, 2012, status conference is cancelled.

**ENTER:** **April 16, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**

5